# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ALPHA HOME HEALTH SOLUTIONS, LLC,

    Plaintiff,

v.

Case No: 6:18-cv-1577-Orl-40TBS

SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and ADMINISTRATOR FOR THE CENTERS FOR MEDICARE AND MEDICAID SERVICES,

    Defendants.
_____/

## ORDER

This matter is before the Court on Plaintiff's Verified Complaint for Temporary Restraining Order and Preliminary Injunction and/or Mandamus Relief (Doc. 1 (the "**Complaint**")), filed September 24, 2018. The Court now takes up the Complaint's request for a temporary restraining order ("**TRO Motion**"). Because the TRO Motion is procedurally improper, it is due to be denied.

District courts may issue temporary restraining orders in limited circumstances. *See* Fed. R. Civ. P. 65(b)(1); Local Rule 4.05(a). The Court may grant such relief in accordance with Rule 65 only if:

    (1)    "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," Fed. R. Civ. P. 65(b)(1)(A);

    (2)    the movant "certifies in writing any efforts made to give

> notice and the reasons why [notice] should not be required," Fed. R. Civ. P. 65(b)(1)(B); and
>
> (3) the movant "gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained", Fed. R. Civ. P. 65(c).

In addition, Local Rule 4.05(b) requires that the movant present its motion in the following manner:

> (1) the movant must request injunctive relief "by a separate motion" with an identifying title;
>
> (2) the movant must support the motion with "allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible";
>
> (3) the motion also must include:
>
>> (a) a precise description of the conduct sought to be enjoined;
>>
>> (b) "facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c)";
>>
>> (c) "a proposed form . . . order prepared in strict accordance with the several requirements contained in" Rule 65(a) and (d); and
>>
>> (d) "or be accompanied by a supporting legal memorandum or brief".

The Complaint in this case fails to meet virtually any of the aforementioned requirements. (*See* Doc. 1). For this Order's sake, it is sufficient to note that the TRO Motion was not set out "by a separate motion." *See* Local Rule 4.05(b)(1). That deficiency is enough to deny the TRO Motion. To the extent the Complaint also seeks a preliminary

2

injunction, that request is likewise due to be denied for failure to comply with the Local Rules and Federal Rules of Civil Procedure.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 1) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 24, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties